UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| SEAN ELLISON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:20-cv-00153-JPH-DLP |
| RICHARD BROWN, et al. | ) ) ) |
| Defendants. | ) |

**Order Screening the Complaint,
Identifying Viable Claims,
and Dismissing Deficient Claims**

Plaintiff Sean Ellison, an inmate at Wabash Valley Correctional Facility (WVCF), brings this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

1

## II. The Complaint

On March 18, 2020, the plaintiff filed a complaint naming the following defendants: Richard Brown, Kevin Gilmore, Jerry Snyder, Randall Purcell, Robert Carter, Jack Hendrix, Randy Vanvleet, and Jodeana Raney. The complaint also lists fifteen unnamed "John Doe" defendants. The defendants are all named in their individual capacities. The plaintiff is seeking compensatory and punitive damages, costs, and reasonable attorney fees.

The complaint alleges that the plaintiff was held in administrative segregation at WVCF from July 7, 2015, through July 6, 2018. During that time, he did not receive meaningful periodic reviews to determine whether his continued placement in administrative segregation was appropriate. The defendants were all responsible for the lack of meaningful periodic reviews, either by failing to train employees to conduct meaningful reviews, failing to implement policies to ensure meaningful reviews, training employees to conduct pretextual reviews, or conducting, approving, or contributing to pretextual reviews.

Throughout his period of administrative segregation, the plaintiff was exposed to extreme cold in the winter and extreme heat in the summer. His period of administrative segregation caused him to suffer permanent physical, mental, and emotional injuries.

## III. Discussion

This action is brought pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "[T]he first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

State prisoners have a liberty interest under the Fourteenth Amendment Due Process Clause in avoiding indefinite or prolonged assignments to administrative segregation units that impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Wilkinson v. Austin*, 545 U.S. 209, 223 (2005); *Isby v. Brown*, 856 F.3d 508, 524 (7th Cir. 2017). To comply with due process, prison officials must periodically conduct informal and non-adversary reviews to ensure that administrative segregation does not become a pretext for indefinite confinement. *Isby*, 856 F.3d at 525. "The [periodic] review need not be extensive, . . . [b]ut the review must be meaningful; it cannot be a sham or a pretext." *Id.* at 527.

A prisoner's Fourth Amendment rights to be free from unreasonable searches and seizures are significantly diminished relative to individuals living in general society. *See Hudson v. Palmer* 468 U.S. 517, 525-26 (1986); *King v. McCarty*, 781 F.3d 889, 898 (7th Cir. 2015). Nevertheless, prisoners have a Fourth Amendment right to be free from prolonged periods of administrative segregation that impose an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Leslie v. Doyle*, 125 F.3d 1132, 1135 (7th Cir. 1997).

"[P]rolonged confinement in administrative segregation may constitute a violation of the Eighth Amendment . . . depending on the duration and nature of the segregation and whether there were feasible alternatives to that confinement." *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 666 (7th Cir. 2012) (citing *Walker v. Shansky*, 28 F.3d 666, 673 (7th Cir. 1994)); *see also Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir. 1987).

Based on the screening standard set forth above, the plaintiff's Fourteenth Amendment due process claims, Fourth Amendment unreasonable seizure claims, and Eighth Amendment cruel and unusual punishment claims **shall proceed** against the named defendants.

All claims against the "John Doe" defendants are **dismissed**. Bringing suit against unnamed defendants in federal court is generally disfavored by the Seventh Circuit. *See Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) ("[I]t is pointless to include [an] anonymous defendant [ ] in federal court; this type of placeholder does not open the door to relation back under Fed.R.Civ.P. 15, nor can it otherwise help the plaintiff.") (internal citations omitted)). If the plaintiff learns the name of the unknown defendants during discovery, he may seek leave to add claims against them.

These are the viable claims identified by the Court. If the plaintiff believes that additional claims were identified in the complaint, but not identified by the Court, he shall have **through June 30, 2020**, to identify those claims.

### IV. Summary

The plaintiff's Fourteenth Amendment due process claims, Fourth Amendment unreasonable seizure claims, and Eighth Amendment cruel and unusual punishment claims **shall proceed** against defendants Richard Brown, Kevin Gilmore, Jerry Snyder, Randall Purcell, Robert Carter, Jack Hendrix, Randy Vanvleet, and Jodeana Raney.

All claims against the "John Doe" defendants are **dismissed**.

The **clerk is directed** to terminate "John Doe 1-15" as defendants on the docket.

**SO ORDERED**.

Date: 6/10/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Jeffrey R. Cardella
LAW OFFICE OF JEFF CARDELLA LLC
jeffcardella@cardellalawoffice.com

Kyle Christie
CLINE FARRELL CHRISTIE LEE & BELL, PC
kyle@CFCLB-law.com

Marley Genele Hancock
INDIANA ATTORNEY GENERAL
marley.hancock@atg.in.gov

Joshua Robert Lowry
INDIANA ATTORNEY GENERAL
joshua.lowry@atg.in.gov