UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| SEAN ELLISON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:20-cv-00153-JPH-DLP |
| | ) |
| RICHARD BROWN, et al. | ) |
| | ) |
| Defendants. | ) |

**ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT
FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

Plaintiff Sean Ellison, an inmate at Wabash Valley Correctional Facility ("WVCF"), claims his prolonged placement in administrative segregation violated his Fourth, Fifth, Eighth, and Fourteenth Amendment rights. The defendants have filed a motion for partial summary judgment, arguing that Mr. Ellison failed to exhaust his available administrative remedies on his Eighth Amendment claims. Mr. Ellison, by counsel, argues that these administrative remedies were not "available" because WVCF staff failed to process his formal grievance complaining about his placement in administrative segregation after the expiration of his disciplinary sanction. For the reasons explained below, the motion for partial summary judgment is **GRANTED**.

**I.
SUMMARY JUDGMENT STANDARD**

A motion for summary judgment asks the Court to find that the movant is entitled to judgment as a matter of law because there is no genuine dispute as to any material fact. *See* Fed. R. Civ. P. 56(a). A party must support any asserted disputed or undisputed fact by citing to specific portions of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party may also support a fact by showing that the materials cited by an adverse party do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce

1

admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B). Affidavits or declarations must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on matters stated. Fed. R. Civ. P. 56(c)(4). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

In deciding a motion for summary judgment, the only disputed facts that matter are material ones—those that might affect the outcome of the suit under the governing law. *Williams v. Brooks*, 809 F.3d 936, 941-42 (7th Cir. 2016). "A genuine dispute as to any material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Daugherty v. Page*, 906 F.3d 606, 609−10 (7th Cir. 2018). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the factfinder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court need only consider the cited materials and need not "scour the record" for evidence that is potentially relevant to the summary judgment motion. *Grant v. Trustees of Indiana University*, 870 F.3d 562, 573−74 (7th Cir. 2017) (quotation marks omitted); *see also* Fed. R. Civ. P. 56(c)(3).

## II.
## BACKGROUND

### A.  Mr. Ellison's Claims

The complaint alleges that Mr. Ellison was held in administrative segregation at WVCF from January 7, 2015, until July 16, 2018. Dkt. 1, p. 1, para. 1. Mr. Ellison claims, among other things, that he was denied his due process right to meaningful and periodic reviews of this placement. *Id.* at p. 32, para. 2. He also claims that the conditions of his confinement while in

administrative segregation violated his Eighth Amendment right to be free from cruel and unusual punishment. *Id.* at p. 32, paras. 3-4. Specifically, he alleges that he was exposed to extreme cold and frigid water when he showered in the winter, that he was exposed to extreme heat and scalding water when he showered in the summer, and that these conditions along with his prolonged placement in administrative segregation caused him to suffer physical, mental, and emotional anguish. *Id.* at paras. 32-25, 214-19.

The motion for partial summary judgment argues that Mr. Ellison failed to exhaust his administrative remedies regarding his Eighth Amendment conditions of confinement claims. *See* dkts. 14, 15, 19.

### B. Grievance Processes at WVCF

At all times relevant to the complaint, WVCF maintained an offender grievance process that allowed inmates to raise issues related to their confinement. *See* Dkts. 14-2, 14-3, 14-4. Offenders are made aware of the grievance process during orientation. Dkt. 14-1, paras. 20, 30, 50. Additionally offenders may access a copy of the grievance process in the WVCF law library. *Id.* at 20, 30, 52.

From January 7, 2015, through September 30, 2017, offenders were required to complete a three-step grievance process: attempted informal resolution; formal written grievance; and appeal. Dkt. 14-1, para. 21; dkt. 14-3. If an offender did not receive a receipt or a rejection within seven working days of submitting a formal grievance, the offender would be required to notify the Executive Assistant of this fact, and the Executive Assistant would be required to investigate the matter. Dkt. 14-2, p. 16; dkt. 14-3, pp. 16-17. The written formal grievance had to "explain how the situation or incident affect[ed] the offender." Dkt. 14-2, p. 17; dkt. 14-3, p. 17.

From October 1, 2017, through July 16, 2018, offenders were required to complete a modified three-step process: a written formal grievance; a facility-level appeal; and a department-level appeal. Dkt. 14-1, para. 33; dkt. 14-4. If an offender did not receive a receipt or a rejection within five working days of submitting a formal grievance, the offender would be required to notify the Executive Assistant of this fact, and the Executive Assistant would be required to investigate the matter. Dkt. 14-4, p. 9. The written formal grievance had to "explain how the situation or incident affect[ed] the offender." *Id.*

Offenders were able to grieve the conditions of their confinement during the time period relevant to the complaint. Dkt. 14-1, paras. 17, 29, 43. Mr. Ellison could have grieved, among other things, the temperature of his cellhouse, the temperature of water in his shower, and the lack of adequate recreation time. *Id.* at para. 58. If Mr. Ellison felt that policies and procedures were not being followed by individual staff members, he could have raised those concerns through the grievance process as well. *Id.* at paras. 17, 29, 43.

### C. Mr. Ellison's Grievance Records

Grievance Department Supervisor Timothy Wellington has reviewed Mr. Ellison's grievance history at WVCF. Dkt. 14-1, para. 53. Between January 7, 2015, and July 16, 2018, Mr. Ellison filed three accepted formal grievances. *Id.* at para. 56; dkt. 14-6. These formal grievances did not relate to the conditions of his confinement but instead related to concerns about his right to receive mail. Dkt. 14-6. Mr. Wellington states that WVCF has no record of a rejected formal grievance related to Mr. Ellison's conditions of confinement during the time period relevant to the complaint. Dkt. 14-1, para. 51.

### D. Mr. Ellison's Affidavit

Mr. Ellison has submitted a sworn affidavit in opposition to the motion for summary judgment. Dkt. 18-1. The affidavit states: "During my time in the SHU at WVCF, I submitted a grievance document, which I received no response to. The grievance complaint related to my continued placement in the SHU after disciplinary segregation time was over." *Id.* at paras. 4-5. Mr. Ellison's affidavit does not indicate that he complained about any of the conditions of his confinement in administrative segregation, such as exposure to extreme cold and heat or lack of adequate recreation time. He does not indicate that he suffered prolonged physical, mental, or emotional anguish. Nor does the affidavit indicate that Mr. Ellison notified the Executive Assistant that he had not received a receipt or a rejection of his formal grievance.

## III.
## DISCUSSION

### A. Exhaustion Standard

The substantive law applicable to this motion for summary judgment is the Prison Litigation Reform Act ("PLRA"), which provides, "No action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e; *see Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted). Although exhaustion of administrative remedies is a precondition to bringing a lawsuit in federal court, failure to exhaust is an affirmative defense that the defendant has the burden of pleading and proving. *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004).

The exhaustion requirement is interpreted strictly; thus, a "prisoner must comply with the specific procedures and deadlines established by the prison's policy." *Pyles v. Nwaobasi*, 829 F.3d 860, 864 (7th Cir. 2016). "The PLRA does not, however, demand the impossible. Remedies that are genuinely unavailable or nonexistent need not be exhausted." *Id.* Remedies are unavailable where prison personnel have denied the prisoner access to grievance forms. *Dale*, 376 F.3d at 656; *Kaba v. Stepp*, 458 F.3d 678, 680 (7th Cir. 2006). In such cases, the prisoner is considered to have exhausted his available administrative remedies and may proceed to bring suit in federal court. *See Turley v. Rednour*, 729 F.3d 645, 650 n. 3 (7th Cir. 2013) (collecting cases).

Generally, "prisoners need not file multiple, successive grievances raising the same issue (such as prison conditions or policies) if their objectionable condition is continuing." *Id.* at 650. However, "[s]eparate complaints about particular incidents are required if the underlying facts or the complaints are different." *Id.*

### B.  Mr. Ellison's Available Administrative Remedies

The undisputed designated evidence shows that Mr. Ellison was aware of the offender grievance process and that he was able to use the offender grievance process during the time period relevant to the complaint. The evidence further shows that Mr. Ellison did not complete the offender grievance process regarding his conditions of confinement claims, as there is no evidence that he ever submitted a grievance appeal on this issue. The only factual dispute is whether Mr. Ellison submitted a written formal grievance complaining about his placement in segregation after his disciplinary sanction had expired. The issue before the Court is whether this factual dispute precludes summary judgment.

Mr. Ellison states that he submitted a formal grievance, at some point, complaining about his continued placement in administrative segregation after the completion of his disciplinary sanction. He does not state that he complained about exposure to frigid showers and extreme cold in the winter or scalding showers and extreme heat in the summer. Nor does he state that he complained about the physical, mental, or emotional anguish he suffered as a result of being placed in prolonged segregation. Instead, his affidavit indicates that he attempted to complain about his classification in administrative segregation after the expiration of his disciplinary sanction, rather than about any of the conditions he experienced there.

Further, Mr. Ellison's affidavit does not indicate that he attempted to notify the Executive Assistant after failing to receive a receipt or a rejection of his formal grievance. The grievance process explicitly required Mr. Ellison to notify the Executive Assistant within five working days (or seven, depending on the month and year he submitted his formal grievance) if he received no such response. Nothing in the text of the PLRA prohibits WVCF from imposing this obligation before allowing an offender to abandon his efforts to exhaust. "[T]he Supreme Court has held that so long as additional remedies are 'available' to a prisoner, 'the PLRA's text suggests no limits on an inmate's obligation to exhaust.'" *Williams v. Wexford Health Sources, Inc.*, 957 F.3d 828, 836 (7th Cir. 2020) (Barrett, J., concurring) (quoting *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016)).

Because Mr. Ellison's formal grievance did not raise issues regarding the conditions of his confinement, and because there is no evidence that he attempted to contact the Executive Assistant after failing to receive a receipt or a rejection of his formal grievance, the alleged failure of WVCF staff to process his formal grievance is not a material factual dispute precluding partial summary judgment. Accordingly, the motion for partial summary judgment is **GRANTED**.

## IV.
## CONCLUSION

The motion for partial summary judgment, dkt. [14], is **GRANTED**. Mr. Ellison's Eighth Amendment claims are **DISMISSED WITHOUT PREJUDICE**. The Court will issue a pretrial schedule to resolve the remaining claims in due course.

**SO ORDERED**.

Date: 12/10/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Jeffrey R. Cardella
LAW OFFICE OF JEFF CARDELLA LLC
jeffcardella@cardellalawoffice.com

Kyle Christie
CHRISTIE FARRELL LEE & BELL, P.C.
kyle@cflblaw.com

David C. Dickmeyer
INDIANA ATTORNEY GENERAL
David.Dickmeyer@atg.in.gov

Marley Genele Hancock
INDIANA ATTORNEY GENERAL
marley.hancock@atg.in.gov